United States District Court
Southern District of Texas

**ENTERED**

August 07, 2020

David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|                        |     |                         |
|------------------------|-----|-------------------------|
|                        | §   |                         |
|                        | §   |                         |
|                        | §   |                         |
|                        | §   |                         |
| **In re: Alan Aronstein** | §   | **CASE NO. 4:19-CV-3614** |
|                        | §   |                         |
|                        | §   |                         |
|                        | §   |                         |
|                        | §   |                         |

**O R D E R**

Pending before the Court is the Appellant Alan Aronstein's appeal of the United States Bankruptcy Court's Order. **(Instrument No. 4)**.

**I.**

This case arises from a Chapter 7 bankruptcy dispute between Appellee Randy Williams ("Appellee"), Appellant Alan Aronstein ("Appellant" or "Debtor"), and the Aronstein's Children Trust ("Trust"). (Instrument No. 2). Appellee Randy Williams is the appointed and authorized acting Chapter 7 trustee of the bankruptcy estate of Appellant Alan Aronstein. *Id.* at 16.

On June 26, 2018, Appellant filed his individual voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas. *Id.* at 17; *see also* Case No. 18-BK-33439. Appellant listed the Aronstein's Children Trust ("Trust") as a trust in which he had a beneficial interest. (Instrument No. 2). In July 2018, a creditors meeting was held, in which Appellee requested documents from Appellant evidencing the Trust and its property. *Id.* On October 24, 2018, the creditors meeting continued, during which Appellant produced a handwritten document purporting additional property had been transferred to the Trust. *Id.* The document was dated October 12, 2018. *Id.* The document asserted that the official

records of the Trust had been destroyed by Hurricane Harvey and listed the estimated date of acceptance of the personal property into the Trust as 1993 through 2014. *Id.* The document listed several stocks stating the date of receipt of those stocks into the Trust were 1993, 1998, 2000, 2005, and 2008. *Id.* at 17-18.

On March 19, 2019, Appellee Randy Williams filed a claim against Appellant Alan Aronstein and the Aronstein Children's Trust for declaratory judgment under 11 U.S.C. § 543 and fraudulent transfer under 11 U.S.C. § 548. (Instrument No. 2 at 3); *see also* Case No. 19-AP-03360. Appellee seeks a declaration that the personal property listed on the handwritten document (with the exception of the High Standard stock shares) should be turned over to the Chapter 7 estate. (Instrument No. 2. at 18).

On April 23, 2019, Appellant Aronstein filed a motion to withdraw the reference. *Id.* at 3. On May 16, 2019, Appellee filed a motion for default judgment and motion to strike appellant's motion to withdraw the reference. (Instrument No. 2 at 4). On June 4, 2019, Appellant filed an answer and counterclaim denying that the Trust could be sued. *Id.* at 5.

On June 28, 2019, Appellant filed a motion to dismiss for failure to state a claim against the Trust. *Id.*

On July 3, 2019, the Bankruptcy Court filed its report and recommendation to the United States District Court that the Appellant's motion to withdraw the reference be denied. *Id.* at 7. On August 9, 2019, the District Court entered an order withdrawing the reference but referred pre-trial matters to the Bankruptcy Court and instructed the Bankruptcy Court to reinstate the case on the District Court's docket once pre-trial matters were complete. *Id.* at 200-01.

On September 9, 2019, Appellee filed a response to the Appellant's motion to dismiss. (Instrument No. 2 at 8.) The Bankruptcy Court denied the Appellant's motion to dismiss the same day. *Id.*

On September 20, 2019, Appellant filed a notice of appeal and statement of election. *Id.* at 9. On September 23, 2019, Appellant filed a notice of non-consent. *Id.* On September 25, 2019, Appellant's appeal was assigned to this Court. *Id.*

On December 24, 2019, Appellant filed a brief with this Court. (Instrument No. 4). On February 20, 2020, Appellee filed a brief. (Instrument No. 6). On February 22, 2020, Appellant filed a reply to Appellee's brief. (Instrument No. 8).

## II.

Under 28 U.S.C. § 158(a), federal district courts have jurisdiction to hear appeals from final judgments of bankruptcy courts in the same judicial district. A "final" order in a bankruptcy case is any order that "ends a discrete judicial unit in the larger case." *In re Moody (Smith v. Revie)*, 817 F.2d 365, 367-68 (5th Cir. 1987).

A bankruptcy court's findings of fact are subject to review for clear error, while its conclusions of law are subject to review *de novo*. *In re Acosta*, 406 F.3d 367, 372 (5th Cir. 2005). Findings of fact shall not be set aside unless they are clearly erroneous. *Id.* at 373. The district court must be "left with the definite and firm conviction that a mistake has been made" before disturbing the bankruptcy court's factual findings. *Otto Candies, L.L.C. v. Nippon Kaiji Kyokai Corp.*, 346 F.3d 530, 533 (5th Cir. 2003) (quoting *In re Walker*, 51 F.3d 562, 565 (5th Cir. 1995)). "As long as there are two permissible views of the evidence, [the court] will not find the factfinder's choice between competing views to be clearly erroneous." *Acosta*, 406 F.3d at 373 (citing *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)). In addition, the bankruptcy

3

court's credibility determinations are entitled to deference. *In re Dennis*, 330 F.3d 696, 701 (5th Cir. 2003).

When the district court reviews a mixed question of law and fact, the district court must give deference to the factual determinations made by the bankruptcy court, unless clearly erroneous, but must independently determine the ultimate legal conclusion adopted by the bankruptcy court, on the basis of the fact found. *In re Stembridge*, 394 F.3d 383, 385 (5th Cir. 2004); *In re Bufkin Bros., Inc.*, 757 F.2d 1573, 1577-78 (5th Cir. 1985).

Matters within a bankruptcy judge's discretion are reviewed for abuse of discretion. *See In re Gandy*, 299 F.3d 489, 494 (5th Cir. 2002); *In re U.S. Golf Corp.*, 639 F.2d 1197, 1201 (5th Cir. 1981). Evidentiary rulings are also reviewed for abuse of discretion. *In re SGSM Acquisition Co., LLC*, 439 F.3d 233, 239 (5th Cir. 2006). A bankruptcy court abuses its discretion when it (1) "applies an improper legal standard" or (2) "rests its decision on findings of fact that are clearly erroneous." *In re Cahill*, 428, F.3d 536, 539 (5th Cir. 2005).

### III.

Appellant seeks to appeal the Bankruptcy Court's order denying his motion to dismiss for failure to state a claim against the Trust. (Instrument No. 4 at 15). Appellant argues that the Bankruptcy Court erred when it denied the motion to dismiss because a trust is not a legal entity that can be sued. *Id.* at 15. Appellant additionally argues that the Bankruptcy Court erred when it failed to follow the District Court's order granting a motion to withdraw the reference. *Id.*

In response, Appellee asserts the Bankruptcy Court did not err in denying the Appellant's motion because the Appellee's legal and factual allegations supported viable claims against the Trust itself. (Instrument No. 6 at 13). Additionally, Appellee argues that Appellant's request to

reverse the Bankruptcy Court's decision are misguided and an inappropriate use of the appellate process. *Id.*

## A.

Appellant alleges that the Bankruptcy Court erred when it denied his motion to dismiss for failure to state a claim against the Trust. (Instrument No. 4 at 15). Appellant claims that as a trustee, civil suits in regard to the Trust may be maintained against him, but not against the Trust itself. *Id.* at 21. Appellee claims there are legal contentions against the Trust and a trust can be a proper party to an action. (Instrument No. 6 at 15-16).

"[C]ivil suits may be maintained only by or against parties that have legal existence." *Ray Malooly Tr. v. Juhl*, 186 S.W.3d 568, 571 (Tex. 2006). The United States Supreme Court has held that traditionally, a trust is not considered a distinct legal entity, but rather it is a fiduciary relationship between multiple parties. *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S.Ct. 1012, 1016 (2016). The Texas Supreme Court has held the same. *Huie v. Deshazo*, 922 S.W.2d 920, 926 (Tex. 1996). Because a trust is considered a relationship, rather than a legal entity, a trust cannot sue nor be sued. *Malooly*, 186 S.W.3d at 570-71 (citing to Tex. Prop. Code § 111.004(4)).

Here, the Bankruptcy Court erred by denying the Appellant's motion to dismiss the claim against the trust. Because the Trust is a fiduciary relationship, not a legal entity, it may not be sued. Claims against the Trust must be brought against its legal representative, the trustee, which is Appellant in this case. (Instrument No. 2 at 16). Therefore, because the Trust is not a separate legal entity, the claim against the Trust is not proper.

Accordingly, the Bankruptcy Court erred in denying the Appellant's motion to dismiss.

**B.**

Appellant alleges that the Bankruptcy Court erred when it failed to follow the District Court's order granting withdrawal of the reference. (Instrument No. 4 at 15). He contends that under 28 U.S.C. § 1334(c)(2), the Bankruptcy Court was precluded from entering a final order and should have referred the matter to District Court for resolution. *Id.* at 15. Appellee contends that Appellant waived the right to withhold consent by filing the motion to dismiss and seeking relief from the Bankruptcy Court instead of filing the motion with the District Court. (Instrument No. 6 at 7).

Here, Appellant seeks to have the Bankruptcy Court abstain and send the case to the district court, which is not the appropriate application of 28 U.S.C. § 1334(c)(2). 28 U.S.C. § 1334(c)(2) requires district courts to abstain from ruling on a state law claim when there is a pending state court proceeding. However, that is not the case here. The Appellant's request is clearly inconsistent with the order of the District Court for the Bankruptcy Court to handle all pre-trial matters until they were complete. (Instrument No. 2 at 200-01). Therefore, the Bankruptcy Court acted appropriately in issuing an order on Appellant's motion.

Accordingly, the Bankruptcy Court did not err by entering an order on Appellant's motion to dismiss.

**IV.**

Based on the foregoing analysis, **IT IS HEREBY ORDERED** that the judgment of the

Bankruptcy Court is **REVERSED** and **REMANDED** for further action consistent with these

findings.

The Clerk shall enter this Order and provide a copy to all parties.

SIGNED on this the __6th__ day of August, 2020.

_____

**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**